FILED'08 AUG 15 1428USDC·ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

STEPHEN PIERCE; and
TAMARA PIERCE,

Civil No.  07-3076-CL

Plaintiffs,

ORDER

v.

PALISADES COLLECTION LLC;  et al.,

Defendants.

CLARKE, Magistrate Judge:

Plaintiffs Stephen Pierce and Tamara Pierce have filed a complaint for unlawful

debt collection practices alleging violations of the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692 et seq., and the Oregon Unlawful Debt Collection Practices Act, ORS §§

646 et seq.  Plaintiffs seek declaratory and injunctive relief, actual and compensatory

damages, statutory damages, and costs and attorney fees.   This Court has jurisdiction

pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.  The Clerk entered an

Order of Default as to Defendant Palisades Collection LLC on March 4, 2008 (#17).

Defendant Palisades Collection LLC moves to set aside the order of default pursuant to

Federal Rules of Civil Procedure 55(c) (#24).  For the reasons stated, the Court grants

Defendant's motion.

## BACKGROUND

Plaintiffs filed the complaint on September 13, 2007.

Mr. Peter Fish is Director of Litigation for Defendant Palisades Collection LLC. (Hereinafter "Palisades"). (Fish Decl. 1.) Palisades maintains procedures for processing summons and complaints received by its registered agents. The complaints are sent to Fish where they are scanned and handled by him. (Fish Decl. 2.) On October 15, 2007, Fish received a faxed copy of the complaint in this case from Imperial Credit Systems, Inc., a named defendant in this case, along with a tender of defense. (Fish Decl. 3.) Fish denied the tender of defense but took no further action as Palisades had not been served with the complaint. (Fish Decl. 3.)

The following day, October 16, 2007, the summons and complaint were personally served on Gary Stern, the President of Palisades. (See Returns of Service #4, #14.)   Fish  did not receive a copy of the complaint. (Fish Decl. 4.)

Plaintiffs filed a Motion for Default Order on February 26, 2008, against Palisades. The Clerk entered a Default Order on March 4, 2008 (#17). Plaintiffs' counsel mailed the default papers to Palisades on March 21, 2008 (#18). On April 7, 2008, Plaintiffs filed a Motion for Default Judgment and sent it to Palisades by mail (#21).

The first document in this case received by Fish was the Notice of Default sent by regular mail and received by him on April 11, 2008. (Fish Decl. 5.) The Proof of Service indicated the Notice was sent to an incorrect address. The street, number and zip code were correct but the state was listed as New York instead of New Jersey. Plaintiffs contend both the March 21, 2008, Notice and the April 7, 2008, Motion for Default

Order - 2

Judgment were in fact sent to the correct address despite a typographical error on the

Proof of Service. (Halpenny Decl. 1-5.)

After getting the Notice of Default on April 11, 2008, Fish immediately contacted

counsel to file a notice of intent to appear. (Fish Decl. 5.) The Notice of Intent to Appear

was filed by Palisades on April 11, 2008 (#22). The Motion to Set Aside Order of

Default was filed on April 21, 2008.

## DISCUSSION

Federal Rules of Civil Procedure 55(c) provides: "The court may set aside an

entry of default for good cause, and it may set aside a default judgment under Rule

60(b)."

> The 'good cause' standard that governs vacating an entry of default under
> Rule 55(c) is the same standard that governs vacating a default judgment
> under Rule 60(b). The good cause analysis considers three factors:
> (1) whether [defendant] engaged in culpable conduct that led to the
> default; (2) whether [defendant] had a meritorious defense; or (3) whether
> reopening the default judgment would prejudice [plaintiff].

Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th

Cir. 2004) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir.

2001)); see Hawaii Carpenter's Trust Funds v. Stone, 794 F.2d 508, 513-14 (9th Cir.

1986) (as a practical matter, court should consider the factors to set aside a default

judgment in determining whether to set aside an entry of default). The three "good cause"

factors are disjunctive and, therefore, the district court may deny the motion to set aside

default "if any of the three factors [is] true." Franchise Holding, 375 F.3d at 926 (quoting

Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)).

The Ninth Circuit has found that,

Order - 3

> While a district judge has discretion to grant or deny a 60(b) motion to
> vacate a default judgment, that discretion is limited by three important
> considerations. First, Rule 60(b) is remedial in nature and therefore must
> be liberally applied. Second, default judgments are generally disfavored;
> whenever it is reasonably possible, cases should be decided on their
> merits. Third, and as a consequence of the first two considerations,
> "where timely relief is sought from a default judgment and the movant has
> a meritorious defense, doubt, if any, should be resolved in favor of the
> motion to set aside the judgment so that cases may be decided on their
> merits."

Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974) (citations omitted). Allowing

relief from default is within the discretion of the court. Stone, 794 F.2d at 513.

1. Culpable Conduct

A defendant's conduct is culpable if he has received actual or constructive notice

of the filing of the action and has *intentionally* failed to answer. TCI Group Life Ins. Plan

v. Knoebber, 244 F.3d 691,697 (9th Cir.2001) "Intentional" in this context means acting

in a manner that is willful, deliberate or with evidence of bad faith. Id. (citing Am.

Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d. 57, 61 (2d Cir.1996)). If the defendant has

negligently failed to answer, but offers a " good faith explanation negating any intention

to take advantage of the opposing party, interfere with judicial decision making, or

otherwise manipulate the legal process," defendant has not acted "intentionally." TCI

Group, 244 F.3d at 697. Culpability involves "not simply nonappearance following

receipt of notice of the action, but rather conduct which hindered judicial proceedings."

Id. at 698 (quoting Gregorian v. Izvestia, 871 F.2d 1515, 1525 (9th Cir. 1989)).

Palisades argues that its failure to answer was unintentional and was, at worst,

careless neglect. Although it is troubling that the record is not clear exactly what

occurred, the complaint did not get  from President Stern to Fish after Stern was served

Order - 4

on October 16, 2007. Although service was proper on President Stern, Palisades

normally processed complaints through its network of registered agents. This may in part

provide some context for what occurred. Palisades is clearly sophisticated in litigation

and not likely to ignore a properly served summons and complaint. Although negligence

may well be present, the Court does not in the end find culpable conduct or an intentional

failure to respond to the complaint such as to interfere with judicial proceedings. As soon

as Fish learned of the Default Order on April 11, 2008, he immediately the same day

contacted legal counsel to file a notice of intent to appear. There is nothing in the record

to show that Fish received any prior notice that the complaint had been served on

Palisades. The Motion to Set Aside Default was then promptly filed on April 21, 2008.

   2. Meritorious Defense.

   A defendant seeking to set aside a default order must present specific facts that

would constitute a defense. TCI Group, 244 F.3d at 700. The burden on the moving

party is not extraordinarily heavy; it "need only demonstrate facts or law showing the trial

court that 'a sufficient defense is assertible [sic].'" Id. at 699. Palisades has submitted a

proposed answer that in part raises six affirmative defenses. Palisades in particular

alleges that Imperial Credit Systems, Inc. was not authorized to settle the credit card debt

as alleged in the complaint and that Palisades was never notified of any settlement of the

account at issue. The Court finds that this meets Defendant's burden to present a

defense.

   3. Prejudice to Plaintiffs

   Setting aside default will be prejudicial if it impedes the non-moving party's

"ability to pursue his claim."  TCI Group, 244 F.3d at 701.  "[B]eing forced to litigate on

the merits cannot be considered prejudicial for the purposes of lifting a default judgment."

Id.

　　　　Plaintiffs have not presented any facts which would show that their ability to

prosecute this case has been impeded, or that Palisades delayed responding to the

complaint for some tactical advantage.

Conclusion

　　　　The Court exercises its discretion and sets aside the default entered against

Defendant Palisades.  As a condition of setting aside the default order, however,

Defendant Palisades shall pay Plaintiffs' reasonable attorney fees and costs incurred by

them in applying for the default order, filing their motion for default judgment, and

responding to Defendant's motion.

## ORDER

　　　　Based on the foregoing, it is ordered that Defendant Palisades Collection LLC's

Motion to Set Aside Order of Default (#24) is granted, and the Default Order entered

March 4, 2008, is vacated.  Defendant Palisades shall file its answer within ten days, by

August 25, 2008, and the Court will then schedule a Rule 16 conference.  It is further

ordered that Plaintiffs shall submit a statement, supported by affidavit, of reasonable

attorney fees and costs incurred in applying for the default order, filing the motion for

default judgment, and responding to Defendant's Motion to Set Aside Order of Default

within ten days, by August 25, 2008.  Defendant Palisades may file any objections to

Plaintiffs' statement within ten (10) days thereafter.

Order - 6

DATED this _____ day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE