FILED'08 SEP 25 15:04USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEPHEN PIERCE; TAMARA PIERCE,** | Case Number CV 07-3076-CL |
| Plaintiffs, | **ORDER** |
| v. | |
| **PALISADES COLLECTION, LLC; et al.,** | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiffs Stephen Pierce and Tamara Pierce bring this action alleging unlawful debt

collection practices. This court has jurisdiction pursuant to 15 U.S.C. § 1692(k) and 28 U.S.C.

§§ 1331 and 1367. On August 15, 2008, this court granted Defendant Palisades Collection's

motion to set aside order of default that had been entered against it (#37). As a condition of

setting aside the default order, the court ordered that Defendant Palisades pay Plaintiffs'

reasonable attorney fees and costs incurred by them in applying for the default order, filing their

motion for default judgment, and responding to Defendant's motion. Before the court is

Plaintiffs' application for attorney fees and costs (#39) pursuant to the court's order. For the

reasons explained below, the court grants Plaintiff's application, in part, in the amount of

$3,694.47.

Page 1 - ORDER

## DISCUSSION

Plaintiff is seeking $4,702.25 in attorney fees and $4.72 in costs. Defendant objects to certain specific time entries. In addition to addressing specific objections raised by defendant, the court has an independent duty to scrutinize a fee request to determine its reasonableness. Oberdorfer v. Glickman, No. CV-98-1588-HU, 2001 WL 34045732, at *4 (D. Or. Sept. 14, 2001) (citing Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1993)). Fee petitions which include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied. Dry Creek Landfill, Inc. v. Waste Solutions Group, Inc., No. CV-04-3029-ST, 2007 WL 710214, at *5 (D. Or. Mar. 6, 2007). Block billing can be grounds for denying a time entry. Oberdorfer, 2001 WL 34045732, at *4-*5.

The court finds plaintiff counsel's requested hourly rate of $225 and legal assistant rate of $80 to be reasonable for her community and the type of work. The court further finds the fee request to be generally reasonable but agrees with defendant that two time entries are problematic and therefore denies them. The entry for 3/11/2008 that reads "pierce with Karen" is lacking in sufficient detail for the court to evaluate its reasonableness. The entry of 3.5 hours for 5/1/2008 has multiple tasks blocked without any breakdown. This includes research time. Prior entries for 4/28/2008 and 4/29/2008 also include hours of research time which also are not entirely clear, although they appear reasonable. The court does not find sufficient detail and breakdown in the 5/1/2008 entry viewed in light of prior entries and therefore denies it. The court does not find plaintiff's reply to cure this problem.

The court is satisfied with plaintiff's reply as to the 4/28/2008 reference to "motion to strike," and finds plaintiff's time for 5/23/2008 for a sur-reply reasonable in the context of the

Page 2 - ORDER

issue raised by defendant.

Finally, reasonable time spent in preparing a fee petition is generally recoverable and therefore the court overrules defendant's objection for this time. <u>See</u> <u>McGrath v. County of Nevada</u>, 67 F.3d 248, 253 (9th Cir. 1995); <u>see also</u> <u>Oberdorfer</u>, 2001 WL 34045732, at *7; <u>Frevach Land Co. v. Multnomah County</u>, No. CV-99-1295-HU, 2001 WL 34039133, at *17 (D. Or. Sept. 14, 2001).

## ORDER

Based on the foregoing, the court orders that plaintiff's application for fees and costs is allowed in part, in the amount of $3,689.75 in fees and $4.72 in costs, for a total of $3,694.47.

IT IS SO ORDERED.

DATED this ___2-5___ day of September, 2008

_____
UNITED STATES MAGISTRATE JUDGE